Affirmed and Memorandum Opinion filed August 28, 2007








Affirmed and Memorandum Opinion filed August 28, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00270-CR

____________

 

RONALD BRIAN MCKENNA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 45745

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Ronald Brian McKenna, was convicted by a jury of
the offense of possession of heroin in an amount less than one gram. Tex.
Health & Safety Code Ann. '' 481.102(2), 481.115(b) (Vernon 2003 &
Supp. 2006).  The trial court assessed punishment at two years= confinement in
the Texas Department of Criminal Justice, State Jail Division, probated for
five years.  In two issues, appellant contends the trial court erred in denying
his motion to suppress evidence because: (1) appellant=s consent to
search his motor vehicle was tainted because he was unlawfully detained at the
time of his consent, and (2) appellant=s consent to
search was not voluntary.  We affirm.








Factual and Procedural Background

At approximately 8:00 p.m. on August 3, 2003, appellant was
stopped for suspicion of driving while intoxicated (ADWI@).  City of
Pearland Police Officer Jefferey Middleton testified he was following appellant=s vehicle on State
Highway 288 when he observed appellant drive across the fog line and onto the
shoulder of the road three separate times. Middleton initiated a traffic stop,
instructed appellant to step out of his vehicle, and asked appellant for his
driver=s license and
proof of insurance.  Appellant presented valid proof of insurance, but did not
have his driver=s license.  Appellant  provided his name,
date of birth, and driver=s license number.  Middleton testified appellant
was cooperative.

Middleton told appellant that he had been stopped for
suspicion of DWI, and asked  appellant if he was taking any medications or had
any medical conditions.  Appellant stated that the reason his vehicle swerved
was because he was arguing with his son who was a passenger in the vehicle.  At
the suppression hearing, Middleton testified appellant did not slur his speech,
smell like alcohol, or appear to be intoxicated.  Middleton further testified
he requested permission to search appellant=s vehicle in order
to Arule out any other
possibilities of why [appellant] may have been driving the way he was.@  In response to
Middleton=s request for consent to search, appellant stated that
he did not own the vehicle.  Middleton told appellant that, as the driver of
the vehicle, appellant could consent to a search of the vehicle.  Appellant
replied, AWell, if you have to.@  Middleton told
appellant that he was not required to consent, and could choose to deny
Middleton=s request.  Appellant consented to a search of the
vehicle and two small plastic bags containing heroin were found underneath the
ashtray.  








      
   A Brazoria County grand jury indicted appellant for possession of a
controlled substance.  Appellant moved to suppress evidence obtained during the
search of his vehicle, alleging the search violated his rights under the United
States and Texas Constitutions.  The trial court conducted a hearing and denied
appellant=s pretrial motion to suppress.  Appellant was found
guilty by a jury, and the trial court entered a judgment on the jury=s verdict on March
6, 2006. 

Discussion

I.
Standard of Review

A bifurcated standard of review is applied to a trial court=s ruling on a
motion to suppress evidence.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  An appellate court affords almost total deference to a trial
court=s determination of
historical facts supported by the record, especially when the trial court=s findings are
based on an evaluation of credibility and demeanor.  Id.  The appellate
court affords the same amount of deference to a trial court=s ruling on mixed
questions of law and fact if the resolution of those questions turns on an
evaluation of credibility and demeanor.  Id.  The court reviews de
novo those questions not turning on credibility and demeanor.  Id.  At
a suppression hearing, the trial court is the exclusive trier of fact and judge
of the credibility of the witnesses.  Mason v. State, 116 S.W.3d 248,
256 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  If the trial
judge=s decision is
correct under any theory of law applicable to the case, the decision will be
sustained.  State v. Ross, 32 S.W.3d 853, 855B56 (Tex. Crim.
App. 2000).  

II.
Appellant=s Consent Was Not Tainted

In his first issue, appellant argues his consent to search
his motor vehicle was tainted because he was unlawfully detained at the time of
his consent.  Appellant does not challenge his initial detention for suspicion
of DWI.  Rather, appellant claims that Officer Middleton detained appellant
longer than necessary to effect the purpose of the traffic stop, at which point
the detention allegedly became illegal, and appellant=s consent was the
result of his unlawful detention.  The State argues that appellant=s detention was
reasonable at the time of his consent to search. 








A routine traffic stop is a detention and thus, must be
reasonable under the United States and Texas Constitutions.  See Terry v.
Ohio, 392 U.S. 1, 19B20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889
(1968); Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997).  To
be reasonable, a traffic stop must be temporary and last no longer than
necessary to effect the purpose of the stop.  Kothe v. State, 152 S.W.3d
54, 63 (Tex. Crim. App. 2004).  During a traffic stop, it is reasonable for an
officer to check for outstanding warrants and demand identification, a valid
driver=s license, and
proof of insurance from the driver.  Simpson v. State, 29 S.W.3d 324,
327 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  However, once
the reason for the detention has been satisfied, the detention may not be used
as a fishing expedition for unrelated criminal activity.  Id. 

In Spight, the defendant was stopped by police for
speeding.  Spight v. State, 76 S.W.3d 761, 764 (Tex. App.CHouston [1st
Dist.] 2002, no pet.).  The defendant appeared nervous and unsure of his
answers when questioned by police, and admitted to having been previously
arrested for Agun charges@ and possession of
marijuana.  Id.  The officer issued a traffic warning to the defendant,
then requested permission to search his vehicle.  Id.  The defendant
consented, and a large sum of money was found hidden in the backseat.  Id. 
The officer then did a pat down search of the defendant and found drugs.  Id.
at 765.  The officer testified that approximately four and one-half minutes
passed from the time the traffic stop began to the time he asked for consent to
search the vehicle.  Id. at 764.  The defendant argued the trial court
erred in denying his motion to suppress because his continued detention was
unreasonable.  Id. at 765.  The First Court of Appeals affirmed the
trial court=s judgment and reasoned: AWe refuse to
utilize a bright-line test or to hold that it is unreasonable per se for an
officer to request a consent to search after the completion of a traffic stop. 
Rather, our focus  must be on the voluntariness of the consent.@ Id. at
768; see also Simpson v. State, 29 S.W.3d 324, 328 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d) (A[A]n officer may
request consent to search a vehicle after a traffic stop but may not detain the
occupants or vehicle further if such consent is refused unless reasonable
suspicion of some criminal activity exists.@).








Here, Officer Middleton detained appellant for suspicion of
DWI after observing appellant=s vehicle cross over the fog line three
times.  Middleton testified that on one occasion, all four tires on appellant=s vehicle crossed
over the line and onto the shoulder of the highway.  Appellant explained that
he was driving erratically because he was having an argument with his son. 
Middleton testified that upon speaking to appellant, he did not detect any
signs of intoxication, but requested consent to search appellant=s vehicle in order
to rule out any other reasons why appellant may have been driving erratically. 
Middleton testified appellant had been detained for less than five minutes when
he requested consent to search appellant=s vehicle. 
Middleton further testified he ran a warrants check on appellant, but could not
recall whether he requested consent to search appellant=s vehicle before
or after obtaining the results of the warrants check.  Under these
circumstances, we hold that appellant=s detention was
reasonable at the time of his consent to search.  See Spight, 76
S.W.3d at 768; Simpson, 29 S.W.3d at 328B29.  Appellant=s first issue is
overruled.

III.
Appellant=s Consent Was Voluntary

In his second issue, appellant argues the trial court erred
in denying his motion to suppress because the State failed to show by clear and
convincing evidence that appellant=s consent to
search was voluntary. 








Voluntary consent to a warrantless search violates neither
the United States Constitution nor the laws of the State of Texas.  Brimage
v. State, 918 S.W.2d 466, 480 (Tex. Crim. App. 1994).  Voluntariness is a
question of fact to be determined from the totality of the circumstances.  Ohio
v. Robinette, 519 U.S. 33, 40, 117 S.Ct. 417, 421, 136 L.Ed.2d 347 (1996). 
In order to be voluntary, consent must Anot be coerced, by
explicit or implicit means, by implied threat or covert force.@ Carmouche v.
State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000) (quoting Schneckloth v.
Bustamonte, 412 U.S. 218, 228, 93 S.Ct. 2041, 2048, 36 L.Ed.2d 854
(1973)).  Although the United States Constitution only requires the State to
prove voluntariness of consent by a preponderance of the evidence, the Texas
Constitution requires the State to show by clear and convincing evidence that
the consent was freely given. Carmouche, 10 S.W.3d at 331.            

In examining the totaility of the circumstances surrounding
a consent to search, the trial court should consider the circumstances leading
up to the search, the reaction of the accused to pressure, and any other factor
deemed relevant.  Reasor v. State, 12 S.W.3d 813, 818 (Tex. Crim. App.
2000).  Factors taken into consideration by the Supreme Court in past cases
include: the youth, education, and intelligence of the accused; the
constitutional advice given to the accused; the length of the detention; the
repetitiveness of the questioning; and the use of physical punishment.  Id.
(citing Schneckloth, 412 U.S. at 226, 93 S.Ct. at 2047).  If the record
supports a finding that consent to search was free and voluntary, we may not
disturb that finding.  Carmouche, 10 S.W.3d at 331.  

In the instant case, the record shows that appellant=s consent to
search was freely and voluntarily given.  At the time of his consent, appellant
was standing behind his vehicle talking to Officer Middleton.  Appellant was
not handcuffed or physically restrained in any manner.  Middleton testified he
requested permission to search appellant=s vehicle Awithin five
minutes@ after initiating
the traffic stop.  








At the suppression hearing, Middleton testified he made two
requests for consent to search appellant=s vehicle.  In
response, appellant initially stated he was not the owner of the vehicle, then
stated that Middleton could search the vehicle Aif [you] have to.@  Based on this
testimony, appellant argues that Middleton Atook advantage of
[appellant=s] confusion and gently coerced appellant until he
received the consent he was after.@  Contrary to
appellant=s contention, Middleton testified he told appellant
that appellant was free to deny his request for consent to search.[1] 
Thereafter, appellant consented to a search of his vehicle and did not withdraw
his consent.  Based on the totality of the circumstances as shown by the record
in this case, we cannot say that the trial court abused its discretion when it
denied appellant=s pretrial motion to suppress. 








As part of his second issue, appellant argues the trial
court erred in submitting a jury instruction regarding the voluntariness of
appellant=s consent to search.[2] 
Appellant claims the trial court Aabdicated its
responsibility by deferring . . . the question to the lay jury.@ Appellant=s argument is
based on a false premise.  At the conclusion of the suppression hearing, the
trial court denied appellant=s pretrial motion to suppress.  During
trial, Officer Middleton gave testimony regarding appellant=s consent to
search, which was substantively the same as Middleton=s testimony at the
suppression hearing.  Pursuant to article 38.23(a) of the Code of Criminal
Procedure, the  trial court instructed the jury to disregard any evidence
obtained as a result of the search of appellant=s vehicle if it
found that appellant did not freely and voluntarily consent to the search.  See
Tex. Code Crim. Proc. Ann.
art. 38.23(a) (Vernon 2005).  Article 38.23 provides that, in any case where
the evidence raises a fact issue as to whether it was obtained in violation of
any provisions of the United States Constitution or laws of the State of Texas,
Athe jury shall be instructed that if
it believes, or has reasonable doubt, that the evidence was obtained in violation
of the provisions of this Article . . . the jury shall disregard any such
evidence so obtained.@ Id.  A fact issue about whether evidence was legally
obtained may be raised from any source, and the evidence may be strong, weak,
contradicted, unimpeached, or unbelieveable.  Garza v. State, 126 S.W.3d
79, 85 (Tex. Crim. App. 2004).  Based on Middleton=s testimony at
trial, we hold that the trial court did not err in submitting a jury
instruction regarding the voluntariness of appellant=s consent.

Appellant=s second issue is overruled.

Conclusion

Having considered and overruled each of appellant=s two issues on
appeal, we affirm  the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 28, 2007.

Panel consists of
Justices Anderson, Frost, and Mirabal

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Officer Middleton gave the following testimony at
the hearing on appellant=s motion to suppress:

At first
[appellant] said it wasn=t his vehicle and I explained to him that it really
didn=t matter, that he was the one who was driving it so he
could consent to me searching the vehicle if he chose to. . . . [Appellant]
said, well, if I have to search the vehicle, I could search it.  I explained to
him that I didn=t have to search it.  It was up to him.  It was his
choice.  And at that point he agreed and said, yes, I could search it. 





[2]  The following instruction was included in the jury
charge:

You are
instructed that our law provides that a search of a vehicle is unlawful unless
it is accomplished pursuant to a lawfully issued search warrant, probable
cause, or pursuant to voluntary consent of that person.  This consent must be
given freely and voluntarily, and it is the burden of the state to prove such
consent beyond a reasonable doubt.  Therefore, if you believe that Ronald
McKenna did not freely, voluntarily, and understandingly give his consent to
Officer Jeffrey [sic] Middleton to search the vehicle he was driving; or if you
have a reasonable doubt that any such consent was given freely, voluntarily and
understandingly, then the search would be unlawful and you should wholly
disregard any evidence obtained as a result of that search.