NO.
12-06-00202-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JEREMIAH
DENBY,           §                      APPEAL FROM THE 349TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      HOUSTON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Jeremiah
Denby appeals from his conviction for aggravated sexual assault.  In two issues, he argues that the evidence
was legally and factually insufficient to support the conviction and that the
trial court should have sustained his objection to opinion testimony.  We affirm.

 

Background

            Appellant is M.D.’s uncle.  M.D. slept at her grandmother’s house one
night when she was twelve years old.  At
about five in the morning, M.D. awoke to her uncle, who lived in the house,
placing his fingers in her vagina.  She
ran from him to another room and did not tell her mother about the incident for
several weeks.  When she did tell her
mother, her mother immediately confronted Appellant.  Without hearing M.D.’s accusations, Appellant
said that M.D. was lying.  M.D.’s father
took M.D. aside and she apparently told him of the incident as well.  The father then confronted Appellant, his own
brother, prompting Appellant to call the police.  The police arrived, interviewed witnesses,
and eventually arrested Appellant.








            A Houston County grand jury indicted
Appellant for the felony offense of aggravated sexual assault.  In the indictment, they also alleged that he
had previously been convicted of rape, burglary of a habitation with intent to
commit sexual assault, and sexual assault. 
A trial was held, and Appellant pleaded not guilty.  The jury found him guilty.  The trial court conducted the punishment
hearing, found the enhancements to be true, and assessed punishment at life
imprisonment.  This appeal followed.  

 

Objection to Opinion Testimony

            In his first issue, Appellant
contends that the trial court should have sustained his objection to opinion
testimony.  This complaint is waived for
failure to make a contemporaneous objection.

            The relevant exchange is as follows:

 

            Q [Prosecutor]:                     Okay.  Your daughter [M.D.] has lived with you all
her life, right.

 

A:                                            Yes.

 

Q:                                            Generally,
just generally, she’s a pretty honest girl?

 

[Defense
Counsel]:              Your honor, I’m
going to object as to an improper question.

 

The Court:                            What’s your legal
objection?

 

[Defense
Counsel]:              Legal objection is
one witness is not qualified to speak of the veracity of another.

 

The Court:                            Overruled.

 

 

            On appeal, Appellant acknowledges
that a witness may, in certain circumstances, testify about another’s character
for truthfulness.  See Tex. R. Evid. 608.  He now argues that the witness should not
have been able to testify about the complaining witness’s character for
truthfulness because her character for truthfulness had not been attacked with
opinion testimony.  See Tex. R. Evid. 608(a)(2).  The present complaint is not based on the
qualification of a witness to “speak of the veracity of another” and is not the
objection that was raised in the trial court. 


            To preserve error for appellate
review, the record must show (1) that an appellant made a timely request,
objection, or motion stating grounds sufficient to provide notice to the trial
court; and (2) that the trial court ruled on the motion either explicitly or
implicitly.  See Tex. R. App. P. 33.1(a)(1)(A); Garza
v. State, 126 S.W.3d 79, 81–82 (Tex. Crim. App. 2004).  The present complaint was not raised in the
trial court, and the issue is waived.  See
Brown v. State, 6 S.W.3d 571, 582 (Tex. App.–Tyler 1999, pet. ref’d)
(To preserve error, complaint on appeal must comport with objection made at
trial); see also Pierce v. State, No. 03-03-00536-CR, 2005
Tex. App. LEXIS 6229, at *11 (Tex. App.–Austin 2005, no pet.) (mem. op., not
designated for publication) (complaint of “duplicativeness” not sufficient to
preserve complaint about application of Texas Rule of Evidence 608).  We overrule Appellant’s first issue.

 

Sufficiency of the Evidence

            In his second issue, Appellant
argues that the evidence is legally and factually insufficient to support the
verdict.  Specifically, Appellant argues
that there was insufficient evidence that he penetrated M.D.’s sexual organ.

Standard
of Review

            The due process guarantee of the
Fourteenth Amendment requires that a conviction be supported by legally
sufficient evidence.  See Jackson
v. Virginia, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed.
2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim.
App. 2004); Willis v. State, 192 S.W.3d 585, 592 (Tex. App.–Tyler
2006, pet. ref’d).  Evidence is not
legally sufficient if, when viewing the evidence in a light most favorable to
the verdict, we conclude that no rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson, 443 U.S. at 319,
99 S. Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).

            While legal sufficiency
review is all that is required by the U.S. Constitution, the Texas Court of
Criminal Appeals has determined that the Texas Constitution requires review of
the factual sufficiency of the evidence. 
Clewis v. State, 922 S.W.2d 126, 129–30 (Tex. Crim. App.
1996).  We review the factual sufficiency
of the evidence without the light most favorable to the verdict, and we
determine whether, considering all the evidence in a neutral light, the
evidence supporting the conviction is too weak to withstand scrutiny or the
great weight and preponderance of the evidence contradicts the jury’s verdict
to the extent that the verdict is clearly wrong and manifestly unjust.  See Watson v. State, 204 S.W.3d
404, 414–15, 417 (Tex. Crim. App. 2006). 
In doing so, we must first assume that the evidence is legally
sufficient under the Jackson standard.  See Clewis, 922 S.W.2d at
134.  We then consider all of the
evidence that tends to prove the existence of the elemental fact in dispute and
compare it to the evidence that tends to disprove that fact.  See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997).

            Under either standard,
our role is that of appellate review, and the fact finder is the judge of the
weight and credibility of a witness’s testimony.  Wesbrook v. State, 29 S.W.3d 103, 111–12
(Tex. Crim. App. 2000).  The fact finder
may choose to believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  With respect
to our factual sufficiency review, we are authorized to disagree with the jury’s
determination, even if probative evidence exists that supports the verdict, see
Clewis, 922 S.W.2d at 133, but our evaluation should not
substantially intrude upon the jury’s role as the judge of the weight and
credibility of witness testimony.  Santellan,
939 S.W.2d at 164. 

Applicable Law and Analysis

            As charged in the
indictment, the State was required to prove that M.D. was a child younger than
fourteen and not Appellant’s spouse and that Appellant intentionally or
knowingly caused the penetration of her sexual organ with his finger.  See Tex.
Penal Code Ann. § 22.021(a)(1)(B)(i) (Vernon 2006).  In the context of sexual assault, proof of
the slightest penetration of any part of the female sexual organ is sufficient
to meet the requirement of “penetration.” 
See Nilsson v. State, 477 S.W.2d 592, 595 (Tex. Crim. App.
1972); see also Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim.
App. 1992).  There need not be proof of
penetration of the vagina, and proof of penetration may be circumstantial.  See Vernon, 841 S.W.2d at
409–10; Nilsson, 477 S.W.2d at 595–97.

            M.D. testified about the
penetration of her sexual organ.  On
direct examination she said that Appellant put his hand in her pants and was “[m]oving
it around and stuff.”  On at least three
occasions, she affirmed that Appellant put his finger inside her.  She testified that he “fingered” her.  She testified that she knew what a vagina was
and that she had one.  When asked
specifically if Appellant “put his fingers inside [her] vagina,” she said, “I
don’t really know.  All I know is that
his hand was moving around and I kept feeling stuff.”  The prosecutor followed up by asking, “Did he
go inside you? Just a little bit even?” to which she responded in the
affirmative.  On cross examination she
explained the “feeling stuff” related to a time while she was still asleep, or
in the process of awakening, and that Appellant’s finger did go inside her.

            The jury is in the best
situation to evaluate this testimony.  See
Wesbrook, 29 S.W.3d at 111 (generally jury determines weight to
give testimony of witness and resolves any conflicts in evidence).  The State must only show the slightest
penetration of the sexual organ, and the complaining witness said on at least
three occasions that Appellant penetrated her sexual organ with his
finger.  Therefore, there is legally
sufficient evidence for a rational jury to conclude that Appellant committed
the offense.  

            With respect to our
review of the factual sufficiency of the evidence, M.D.’s equivocation is not
so troubling that we conclude that the proof of guilt is so obviously weak or
is otherwise so greatly outweighed by contrary proof as to render Appellant’s
conviction clearly wrong or manifestly unjust. 
Her lack of specificity in response to some questions, in the context
they were asked, is understandable, and she testified on more than one occasion
that Appellant penetrated her sexual organ. 
Therefore, we hold that the evidence is factually sufficient to support
the verdict.  We overrule Appellant’s
second issue.

 

Disposition

            Having overruled
Appellant’s two issues, we affirm the judgment of the trial
court.

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

 

Opinion delivered June 29, 2007.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO
NOT PUBLISH)