Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00241-CR

Lyle Harrison **SMITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 896657
Honorable Phil Chavarria, Jr., Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:  August 5, 2009

AFFIRMED

Lyle Smith appeals his conviction for driving while intoxicated, arguing the trial court erred in failing to instruct the jury on probable cause to arrest.  We affirm the judgment of the trial court.

## BACKGROUND

At 11:45 pm on August 21, 2004, Officers James Diehl and Ed Campos of the San Antonio Police Department received a call about a vehicular accident that occurred in the neighborhood of

Churchill Estates. Upon arriving at the scene, the officers observed two vehicles on Triple Crown Street that were damaged and appeared to have been hit. The officers then observed a tire lying in the road, from which there extended a gouge in the road that continued down Triple Crown to another street. The officers followed the gouge, and ultimately discovered a Toyota Camry that was missing its left front tire and that appeared to have sustained considerable damage to its left front side. The officers found Smith seated on the front porch of a house in front of which the Camry was parked. Police approached Smith and inquired as to whether he had been the driver of the Camry. Smith responded that he had been driving the Camry and that he might have hit a few parked cars. Officer Diehl observed Smith stumbling, slurring his speech, and he appeared to have bloodshot eyes. Diehl also smelled a strong odor of intoxicants on Smith's breath. Smith was placed under arrest for driving while intoxicated.

Thereafter, Diehl administered the horizontal gaze nystagmus test, and Smith presented with signs of intoxication. Diehl was unable to administer other common field sobriety tests because Smith's balance was not good enough for him to stand. Smith was then taken to the magistrate's office and asked to provide a breath sample. He consented and gave two samples, both of which contained blood alcohol concentration levels well over the legal limit.

Smith was charged with driving while intoxicated and the case was tried to a jury. Prior to submission of the charge, Smith requested an instruction asking the jury to resolve whether the officers had developed probable cause sufficient to arrest him and instructing them, if they were to find that he was arrested without probable cause, to disregard all evidence obtained as a result of his arrest. The trial court denied the requested instruction. Smith now appeals.

**DISCUSSION**

A defendant's right to the submission of jury instructions under article 38.23(a)[1] is limited to disputed fact issues that are material to his assertion of a constitutional or statutory violation that would render evidence inadmissible. *See Madden v. State*, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007); *see also Oursbourn v. State,* 259 S.W.3d 159, 177 (Tex. Crim. App. 2008) (holding that a defendant must establish the following three foundation requirements to receive an article 38.23 instruction: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the statement claimed to be involuntary). In other words, a defendant is entitled to an instruction under article 38.23 only if trial evidence creates an issue of fact concerning how the evidence was obtained, *i.e.*, whether it was obtained illegally. *Garza v. State,* 126 S.W.3d 79, 85 (Tex. Crim. App. 2004).

A fact issue about how evidence was obtained can be raised from any source, and the evidence may be "strong, weak, contradicted, unimpeached, or unbelievable." *Id.* at 85. There is no fact question for the jury when the question is an issue of law, *e.g.*, whether undisputed facts constitute probable cause. *Id.* at 86. Where no fact issue is raised by the evidence, the trial court does not err in refusing a request to charge the jury. *Madden*, 242 S.W.3d at 510.

---

[1] Article 38.23(a) provides in pertinent part:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005).

At trial, both Officers Diehl and Campos testified that after receiving a call from dispatch about an accident in Churchill Estates, they went to the scene of the accident and discovered two hit vehicles, a tire in the road, and gouge marks in the road that led them to Smith's car, which was damaged and missing a tire. Both officers also testified to finding Smith on the porch of the house in front of which the wrecked car was parked, and that when asked if he was the driver of the car, Smith responded that he was. Diehl and Campos testified that they observed Smith stumbling and slurring his speech, and that he smelled of intoxicants. Diehl testified that based on his observations of the accident scene and of Smith's behavior, he arrested Smith for driving while intoxicated.

Smith argues that the officers' answers during cross-examination created a "contradictory situation" in which they claimed to have probable cause to arrest, but actually developed probable cause after the arrest. Smith, however, did not seriously contest any of the operative facts testified to by the officers to support probable cause, such as his location in the immediate vicinity of accident, that he was stumbling, slurring his speech, and smelled of intoxicants, or his admission to being the driver of the wrecked vehicle. Rather, Smith attempts to draw a different meaning from the uncontroverted facts of the accident, arguing the tire falling off of the car was the more significant factor in the accident, not his intoxication. "That appellant 'disagrees with the *conclusion* that probable cause was shown as a matter of law' is not the same as the appellant controverting the *facts*." *Garza,* 126 S.W.3d at 86 (quoting *Luna v. State*, No. 03-97-00605-CR, 1999 WL 11183, at *6 (Tex. App.—Austin Jan. 14, 1999, pet. ref'd) (not designated for publication)). Because Smith did not offer any conflicting testimony, he did not raise a contested fact issue about whether the arrest was based on probable cause. *See id.* at 85. Accordingly, we conclude the trial court did not

err in refusing to give an article 38.23 jury instruction. *See Madden*, 242 S.W.3d at 510. Smith's sole issue on appeal is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH