MARY'S OPINION HEADING 








NO. 12-10-00253-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

TYRONE LEE
WILLIAMS,                         §                      APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            A
jury convicted Appellant, Tyrone Lee Williams, of possession of a controlled
substance, Phencyclidine, in an amount less than one gram.  Appellant pleaded
true to two enhancement allegations.  The jury assessed Appellant’s punishment
at imprisonment for ten years and a $5,000.00 fine.  In two issues, Appellant
contends the trial court reversibly erred (1) “in denying his motion to
suppress,” and (2) “in refusing to submit a requested Article 38.23
instruction.”  We affirm.

 

Background

            Officer
Donald Shafer of the Tyler Police Department was dispatched to an apartment
complex in Tyler to investigate a possible medical emergency.  When he arrived
at the address, he was met by Beauford Terrell who, along with others, had
observed Appellant acting “very strangely.”  Terrell took the officer to the
door of Appellant’s small apartment and started opening the door.  Appellant
said, “Y’all come on in,” and opened the door to the apartment.

            Officer
Shafer noted that Appellant was sweating profusely, “his skin was real hot to
touch,” he had a blank, fixed stare, and he was not normally responsive. 
Officer Shafer had made other arrests involving Phencyclidine (PCP) and
strongly suspected that Appellant’s intoxication was caused by PCP.  At the
same time, he observed a cigarette lying on the bed beside the chair where
Appellant was sitting.  The tip (the end normally lit) of the cigarette was wet
as though it had been dipped in a liquid.  Officer Shafer knew from experience
that it was common for PCP users to dip the end of a cigarette in PCP, allow
the cigarette to dry somewhat, and then smoke the cigarette in order to become
intoxicated.  “Smoking wet” is the name given to this method of using PCP.

            Given
Appellant’s symptoms of PCP intoxication, it was immediately very apparent to
Officer Shafer that the wet tipped cigarette so close to Appellant probably
contained PCP.  A field test confirmed that the cigarette contained
Phencyclidine.

            Emergency
Medical Services arrived at the scene as Officer Shafer was conducting the
field test on the cigarette.  Appellant refused medical treatment and was taken
to the county jail.

 

Motion to Suppress

            In
his first issue, Appellant maintains the trial court erred in denying his
motion to suppress evidence of the PCP laced cigarette.

Standard
of Review

            In
reviewing a trial court’s ruling on a motion to suppress, an appellate court
gives almost total deference to the trial court’s determination of historical
facts, but conducts a de novo review of the trial court’s application of the
law to those facts.  Wilson v. State, 311 S.W.3d 452, 457-58
(Tex. Crim. App. 2010).  The evidence is examined in the light most favorable
to the trial court’s ruling.  Id.  However, a trial court
necessarily abuses its discretion if it refuses to suppress evidence that is
obtained in violation of the law and that is therefore inadmissible under Texas
Code of Criminal Procedure, Article 38.23.  Id.

Applicable
Law

            A
search or seizure conducted without a warrant is per se illegal absent a
recognized exception to the warrant requirement.  Katz v. United States,
389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576 (1967); Walter v.
State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).  One such exception
is the plain view doctrine that allows an officer to seize evidence in plain
view.  Coolidge v. New Hampshire, 403 U.S. 443, 465, 91 S. Ct.
2022, 2037, 29 L. Ed. 2d 564 (1971).

 

A seizure of an object is lawful
under the plain view exception if three requirements are met.  First, law
enforcement officials must lawfully be where the object can be “plainly
viewed.”  Second, the “incriminating character” of the object in plain view
must be ‘“immediately apparent’” to the officials.  And third, the officials
must have the right to access the object.

 

 

Keehn
v. State, 279 S.W.3d 330, 334 (Tex. Crim. App.
2009) (citing Horton v. California, 496 U.S. 128, 136, 110 S. Ct.
2301, 110 L. Ed. 2d 112 (1990)).

            In
State v. Dobbs, 323 S.W.3d 184 (Tex. Crim. App. 2010), Plano
police officers executing a search warrant for narcotics came upon two sets of
new golf clubs and Los Rios Country Club shirts in plain view in the bedroom of
the house being searched.  The officers suspected the items might have been
stolen but lacked probable cause to believe that they were connected to any
crime.  The officers contacted dispatch and were informed that the Los Rios
Country Club had reported a theft of golf merchandise.  With the description of
the stolen property they obtained by contacting the country club, the officers
had probable cause to believe the items in plain view in the bedroom had been
stolen from the country club.  Before leaving the premises, the officer seized
the golf clubs and golf shirts and charged the appellee with theft.  Id.
at 186-87.

            In
Dobbs, as in the instant case, the sole question before the trial
court at the hearing on the defendant’s motion to suppress was whether it was
“immediately apparent” to the officers that these items were contraband.  The
trial court granted Dobbs’s motion to suppress. The court of appeals affirmed,
holding that the officers had no authority to seize the items in plain view,
because, when they first saw them, they lacked probable cause to believe they
were contraband, and they lacked probable cause for the further investigation
that revealed the clubs and shirts had been stolen.  Id. at 186
(relying on White v. State, 729 S.W.2d 737 (Tex. Crim. App.
1987)). 

            The
court of criminal appeals reiterated that “immediately apparent” simply means
that the viewing officer must have probable cause to believe an item in plain
view is contraband before seizing it.  Id. at 189.  The court of
criminal appeals reversed the lower court’s decision, holding that “[s]o long
as the probable cause to believe that items in plain view constitute contraband
arises while the police are still lawfully on the premises, and their ‘further
investigation’ into the nature of those items does not entail an additional and
unjustified search of . . . or presence on the premises, we see no basis to
declare a Fourth Amendment violation.”  Id.  “Only if that [further]
investigation entails an additional search of the private premises beyond the
scope of the search already authorized by the warrant or exigency that
originally justified the police presence on the premises . .  .
should the officers be required to have probable cause to look for probable
cause to seize the plain-view items.”  Id. at 188.

Discussion

            Appellant
maintains that Officer Shafer’s field test of the wet tipped cigarette
demonstrated that he did not immediately recognize the cigarette as contraband. 
Therefore, he argues that the seizure to test the cigarette represented “an
additional and unjustified search” and was therefore without probable cause.

            We
disagree.  Officer Shafer testified that when he saw the wet tipped cigarette
on the bed and near Appellant who was demonstrating the symptoms of PCP
intoxication, it was apparent that the cigarette probably contained
Phencyclidine.

            Probable
cause, in a Fourth Amendment context, means a high level of suspicion, but it
falls far short of a preponderance of the evidence standard.  Baldwin v.
State, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009).  It involves “a fair
probability that contraband or evidence of a crime will be found.”  Id.
(quoting Alabama v. White, 496 U.S. 325, 330, 110 S. Ct. 2412,
110 L. Ed. 2d 301 (1990)).  We conclude from Officer Shafer’s uncontroverted
testimony that, given Appellant’s symptoms, the probable nature of the
cigarette that was wet on the wrong end was immediately apparent to him before
the field testing, and that Officer Shafer had probable cause to seize the
cigarette.

            A
medical emergency was the exigency that legitimized Officer Shafer’s presence
on the premises.  Common sense and a concern for Appellant’s medical condition
required the cigarette be tested promptly so that the exact cause of
Appellant’s symptoms could be accurately and quickly determined, and if
required, appropriate treatment promptly initiated.

 

Article 38.23 Jury Instruction

            Appellant
claims the trial court erred in refusing his request that the jury be
instructed that if they had a reasonable doubt that evidence was obtained
illegally, they should disregard any such evidence so obtained.

Applicable
Law

            Article
38.23(a) of the code of criminal procedure provides, as follows:

 

  (a) No evidence obtained by an officer
or other person in violation of any provisions of the Constitution or laws of
the State of Texas, or of the Constitution or laws of the United States of
America, shall be admitted in evidence against the accused on the trial of any
criminal case.

 

  In any case where the legal
evidence raises an issue hereunder, the jury shall be instructed that if it
believes, or has a reasonable doubt, that the evidence was obtained in
violation of the provisions of this Article, then and in such event, the jury
shall disregard any such evidence so obtained.

 

 

Tex. Code Crim. Proc. Ann.
art. 38.23(a) (Vernon 2005).  A fact issue about whether evidence was obtained
illegally may be raised by any source and may be strong, weak, contradicted,
unimpeached, or unbelievable.  Garza v. State, 126 S.W.3d 79, 85
(Tex. Crim. App. 2004).  However, once raised, inclusion of an Article 38.23
instruction is mandatory.  Bell v. State, 938 S.W.2d 35, 48 (Tex.
Crim. App. 1996).  But such an instruction need be included in the jury charge
only if there is a factual dispute about how the evidence was obtained.  Garza,
126 S.W.3d at 85.  Insinuations by defense counsel during cross examination do
not controvert facts in evidence and are insufficient to create a fact issue.  Id.
at 86.  In the instant case, Appellant did not testify at the guilt-innocence
phase of the trial.  Officer Shafer’s testimony was consistent and
uncontradicted.  There was no evidence raising a fact issue.  Appellant was not
entitled to an Article 38.23 instruction.  Appellant’s second issue is
overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

 

                                                                                                Bill Bass

                                                                                                    
Justice

 

Opinion delivered June 15, 2011.

Panel
consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of
Appeals,

sitting
by assignment.

 

 

 

 

 

(DO NOT PUBLISH)