**Opinion issued March 31, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-13-00849-CR**

_____

**LINDA N. LEWIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 13**
**Harris County, Texas**
**Trial Court Case No. 1836750**

---

**MEMORANDUM OPINION**

Appellant Linda N. Lewis was charged with resisting arrest, to which she pleaded "not guilty." *See* TEX. PENAL CODE § 38.03. A jury found her guilty, and the trial court sentenced her to 365 days in county jail and placed her on

community supervision for two years. Lewis filed a motion for new trial, which was denied by operation of law. *See* TEX. R. APP. P. 21.8(c).

On appeal, Lewis argues that the evidence was insufficient to support her conviction, that the officers did not have reasonable suspicion or probable cause to stop and arrest her, and that she was deprived of her right to due process.

We affirm the trial court's judgment.

**Background**

Deputy G. Quellhorst of the Harris County Sheriff's Office was on patrol in Houston, wearing his uniform and driving his patrol car, when he observed a black 2005 Dodge Caravan minivan with truck license plates. In his experience, a minivan with truck plates was unusual. Quellhorst entered the license plate information into the computer in his squad car and learned that the plate belonged to a yellow Dodge truck. He turned on his siren and stopped the minivan.

Appellant Linda Lewis, who was driving the minivan, turned into a nearby shopping center and provided her driver's license to the deputy. After running its information through his computer, Quellhorst determined that the Department of Public Safety had suspended the license due to an expired temporary visitor visa. Because driving with a suspended license is a misdemeanor offense, Quellhorst printed out a ticket. Lewis asked to read the ticket before signing it. Unable to understand her, Quellhorst urged her to sign the citation and fight the ticket in

court later. After Lewis began to argue about the ticket and refused to sign it, Quellhorst decided to arrest her for the violation. But as he attempted to handcuff her, she turned around and swung her hand within inches of his face. In turn, he wrestled her to the ground and a struggle ensued. For the next five minutes, Lewis thrashed and kicked her legs, striking Quellhorst. A nearby witness, Joshua Hill, recorded part of the struggle on his phone. Eventually, with help from another responding officer, Quellhorst successfully handcuffed Lewis.

A jury found Lewis guilty of resisting arrest, and she was sentenced to confinement in county jail for 365 days. The sentence was suspended, and Lewis was placed on community supervision for two years. This appeal followed.

**Analysis**

Lewis brings three issues on appeal. First, she argues that the evidence is insufficient to support her conviction. Second, she argues that her conviction must be overturned because the arresting deputy did not have reasonable suspicion or probable cause necessary to stop and subsequently arrest her. Third, she argues that various aspects of the trial violated her constitutional right to due process.

## I. Sufficiency of the evidence

When evaluating the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable

3

doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the factfinder. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

A person commits the offense of resisting arrest if she "intentionally prevents or obstructs a person [she] knows is a peace officer . . . from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer . . . ." TEX. PENAL CODE § 38.03(a). "It is no defense to prosecution under this section that the arrest or search was unlawful." *Id*. § 38.03(b).

Lewis argues that the evidence is not sufficient to establish that her actions were intentional. To this end, she characterizes her act of swinging her hand near Quellhorst's face as a reflex in response to him handcuffing her without first informing her that she was under arrest. She emphasizes that Quellhorst agreed at trial that her reaction was a "mistake," yet the record also shows that he explained that characterization by stating that "she shouldn't have done it, is what I mean," and testifying that her act was intentional. Hill corroborated Quellhorst's version of the events, and his video of the incident was admitted into evidence. Furthermore,

4

Lewis makes no argument that she did not intentionally thrash and kick Quellhorst repeatedly while struggling with him on the ground. We conclude that this evidence permitted a rational jury to find beyond a reasonable doubt that Lewis acted intentionally when she swung her hand at Quellhorst and kicked at him while she was on the ground. *See Brooks*, 323 S.W.3d at 902.

Next, Lewis argues that the jury could not have concluded that her actions constituted "using force against" Quellhorst, because "refusing to cooperate with being arrested does not constitute resisting arrest by force." Recently, the Court of Criminal Appeals clarified that the statutory language of section 38.03 "plainly requires a use of force directed 'against' the officer himself, not against his broader goal of effectuating an arrest." *Dobbs v. State*, 434 S.W.3d 166, 171 (Tex. Crim. App. 2014). This concept requires "some showing of force that is actually directed against the officer in the sense that it is either in opposition to the officer's physical efforts at making an arrest, such as a forceful pulling away from the officer, or is physically directed at or toward the officer, such as hitting or punching the officer." *Id.* at 172; *see also Finley v. State*, 449 S.W.3d 145, 147–50 (Tex. App.— Austin 2014, pet. filed) (applying *Dobbs* and determining that evidence of a "struggle" in which defendant was "flailing around" was sufficient to support a conviction for resisting arrest).

In this case, Quellhorst testified that when he attempted to place a handcuff on Lewis's left wrist, she "swung around and, with an open hand in kind of a clawing action, tried to strike at [his] face." He testified that, after evading her hand, he took her to the ground, at which point "she turned on her back, started kicking at [him], struck [him] in the legs." Hill testified that he witnessed Quellhorst take Lewis to the ground because "it was like she was trying to . . . almost hit him." In addition, the jury watched a video recorded from Hill's mobile phone depicting the events. From this evidence, a rational jury could conclude beyond a reasonable doubt that Lewis both forcefully pulled away from Quellhorst when she swung her hand near his face, and that she physically directed force against him when she thrashed and kicked him while on the ground. *See Dobbs*, 434 S.W.3d at 171–72; *Brooks*, 323 S.W.3d at 902.

Finally, Lewis does not argue that she did not know that Quellhorst was a peace officer, but this element of the offense was self-evident. Quellhorst testified that he was in uniform and driving his patrol car when he pulled Lewis over. A rational jury could have concluded beyond a reasonable doubt that Lewis knew that Quellhorst was a peace officer. *Brooks*, 323 S.W.3d at 902.

Having determined that a rational jury could have found each element of the offense beyond a reasonable doubt, we overrule Lewis's first issue. *See* TEX. PENAL CODE § 38.03; *Brooks*, 323 S.W.3d at 902.

## II. Legality of arrest

Intertwined with her challenge to the sufficiency of the evidence, Lewis also challenges Quellhorst's basis for stopping and arresting her. She contends that her arrest was unlawful because Quellhorst did not verify that the minivan was not hers by checking the vehicle identification number. Furthermore, she argues that any evidence that her license was suspended was false because she had legal immigrant status at the time of her arrest. She asserts that, cumulatively, these factors demonstrate the lack of reasonable suspicion and probable cause necessary for Quellhorst to initiate the traffic stop and subsequently arrest her for driving with a suspended license. *See Terry v. Ohio*, 392 U.S. 1, 29–31, 8 S. Ct. 1868, 1884 (1968).

Lewis does not argue that any lack of reasonable suspicion or probable cause required exclusion of the State's evidence. Her brief mentions a motion to suppress, and the record indicates that she made a pretrial motion to suppress all evidence and testimony that the State obtained in connection with her arrest. But the trial court did not rule on the motion. Based on our review of the record, Lewis did not make any renewed objection at trial to the admission of the State's evidence or testimony. Thus, to the extent Lewis argues that the State's evidence should have been suppressed, we conclude that the error was not preserved for

appeal. TEX. R. APP. P. 33.1(a)(1); *see also Garza v. State*, 126 S.W.3d 79, 81–85 (Tex. Crim. App. 2004).

## III. Deprivation of due process

In her third issue, Lewis argues that she was denied due process. She claims that "[f]rom the transcript it is blatantly obvious that [the trial] was reduced to a complete sham and farce."

The remaining portion of the brief discussing this issue identifies numerous alleged errors of the trial court. For example, Lewis asserts that she was indicted only to "cover up the extreme malpractice" of Quellhorst, whom she claims ambushed her. She states that her conviction should be reversed because it was based on false testimony and because the prosecution tampered with the video evidence admitted at trial. She claims that the court erred during voir dire when explaining the offense of resisting arrest. Finally, she contends that the court erred when it declined to rule on her motion to suppress and motion for new trial.

Lewis's third issue is multifarious because it embraces more than one specific ground for reversal. *See Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). We may address a multifarious issue that is sufficiently developed in the brief, *Foster v. State*, 101 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2002, no pet.), but that is not the situation here. An appellant's brief must contain "a clear and concise argument for the contentions

made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An issue that is conclusory and cites no authority presents nothing for appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996).

Lewis's third issue merely states various alleged errors of the trial court. She does not offer any legal authorities to support her assertions. Nor does she make any argument as to why any of her complaints rise to the level of a due-process violation that justifies reversal. Accordingly, we hold that Lewis's third issue is inadequately briefed and therefore waived. *See* TEX. R. APP. P. 38.1(i).

## Conclusion

We affirm the trial court's judgment.

Michael Massengale
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).