

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00039-CR

RONALD MCNEIL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 85th District Court
Brazos County, Texas
Trial Court No. 15-03067-CRF-85, Honorable Kyle Hawthorne, Presiding

October 22, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Ronald McNeil, appellant, appeals his murder conviction. The conviction arose from a shooting at a party. Appellant admitted to the police after arrest and while in custody that he accidentally fired his Glock 40 several times at the locale while purportedly attempting to protect his cousin. Yet, the record also shows that he may have been intoxicated when he made these admissions and granted officers consent to search his house. The sole issue before us concerns the trial court's decision to deny his motion to suppress. Appellant believes that the decision was an abuse of discretion since he was

too drunk to have "the capacity to effectively waive his rights under the fifth amendment of the United States Constitution, Article I, sections 10 and 19 of the Texas Constitution and article 38.22 of the Code of Criminal Procedure." We affirm.[1]

The decision of the trial court is reviewed under the standard of abused discretion. *Bernard v. State*, Nos. 10-16-00215-CR, 10-16-00216-CR, 2017 Tex. App. LEXIS 9753, at *2 (Tex. App.—Waco Oct. 18, 2017, pet. ref'd) (mem. op., not designated for publication). Under it, we recognize that the trial judge is the sole trier of fact and the credibility of witnesses. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). Therefore, we afford almost complete deference to its determinations of historical facts. *Id.* This deference includes deference to any explicit factual findings it makes, as long as they are supported by the record. *State v. Castleberry*, 332 S.W.3d 460, 465–66 (Tex. Crim. App. 2011). Finally, the evidence is viewed in a light most favorable to the ruling. *See id.*

We first address whether appellant preserved his complaint for review. The State argues that he did not because he failed to "timely object to the admission of the ammunition at trial." The ammunition apparently was found in appellant's house after he executed written consent to search the abode. Whether appellant knowingly and voluntarily agreed to speak with the officers after being mirandized was the subject of a pretrial hearing held upon his motion to suppress. Furthermore, the court ruled upon that motion. Such was enough to preserve his complaint for review. *See Garza v. State*, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004) (stating that when a trial court overrules a pretrial

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

motion to suppress, the defendant need not again object to the admission of the same evidence at trial to preserve error); *Greer v. State*, No. 07-10-00500-CR, 2013 Tex. App. LEXIS 938, at *3–4 (Tex. App.—Amarillo Jan. 31, 2013, pet. ref'd) (mem. op., not designated for publication) (stating the same).

As for the substance of appellant's issues, we turn to the record. Again, the trial court held an evidentiary hearing to address the very allegations before us. After considering the evidence presented by the litigants, it found "that [appellant's] statements were voluntary, a product of free and deliberate choice rather than any type of intimidation or coercion or any type of deception or intoxication and that he was – appeared to me to be aware of the nature of the rights being given and what he was giving up." So too did it explain the factual basis for its ruling:

> [appellant] recall[ing] specific facts, correcting officers about addresses, signing a consent form, talking about numbers of rounds and weapons and locations of weapons and the fact whether his wife was there or not when he went back over and that she was asleep. There was a lot of specific details that Mr. McNeil was recalling during his conversation that didn't give me – or didn't look to me like gave an appearance[] of being – having lost the normal use of his mental or physical faculties much like we see in driving-while-intoxicated cases much less any type of extreme intoxication.

No one disputes that appellant was in custody when he uttered inculpatory statements, which were captured on an audio recording. Nor does anyone deny that 1) the interrogating officer mirandized appellant before any questioning began; 2) appellant was interrogated at least thrice at the scene of his arrest; 3) appellant fell asleep in the squad car between the first and second interviews; 4) appellant claimed, before the second interrogation began, he did not remember being previously mirandized; 5) the detective conducting the second interview mirandized appellant again before questioning him; 6) appellant confirmed to the detective that he understood each *Miranda* warning

3

and admonishment and, nonetheless, agreed to speak to the detective; 7) appellant smelled of alcohol and sounded sleepy or "lethargic" when speaking to the detective; and 8) after being told of his right to refuse, appellant signed a written consent form allowing the officers to search his house. During these interviews, appellant was able to describe, in detail, the events that resulted in the shooting, including his reason for obtaining a handgun from his house and returning to the festivities. Allegedly, party attendees became aggressive towards his cousin and begun uttering racial slurs. So too did he correct the interrogating detective at least four times during their various discussions at the scene. And, though the interrogations were temporarily recessed, appellant never objected to speaking with the detective once the questioning resumed. One listening to the tenor of his voice also could find it less lethargic and more coherent as the ongoing interrogations continued.

That one in the custody of officers must normally knowingly and voluntarily agree to waive both his *Miranda* rights and those rights itemized in article 38.22, § 3 of the Texas Code of Criminal Procedure before his inculpatory statements may be admitted into evidence is beyond question. *See Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008) (noting that a statement of the accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion); TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(2) (West 2018) (stating that an "oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless . . . prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily

4

waives any rights set out in the warning"). While intoxication is a factor to consider in assessing whether the accused so waived those rights, it alone is usually insufficient to render a statement inadmissible. *See Oursbourn*, 259 S.W.3d at 173.

It may be that appellant was intoxicated when the officers sought to question him. It may be that he was sleepy, too. Nevertheless, the record contains evidence supporting the reasons uttered by the trial court in ruling that appellant legitimately waived his *Miranda* and article 38.22, § 3 rights before speaking with law enforcement officials. That he claimed at the hearing to have suffered from a blackout and was unable to remember much of anything is belied by both his recorded statements at the time of his arrest and aspects of his hearing testimony. In any event, the trial court had the prerogative to decide whether to believe him, and it did not. Authority prohibits us from interfering with that credibility choice.

In sum, the finding of the trial court that appellant knowingly and voluntarily opted to speak with the officers after being mirandized twice is not an abuse of discretion. Thus, we overrule appellant's issues and affirm the judgment of conviction.


Brian Quinn
Chief Justice




Do not publish.