# NO. 12-10-00253-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TYRONE LEE WILLIAMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION

A jury convicted Appellant, Tyrone Lee Williams, of possession of a controlled substance, Phencyclidine, in an amount less than one gram. Appellant pleaded true to two enhancement allegations. The jury assessed Appellant's punishment at imprisonment for ten years and a $5,000.00 fine. In two issues, Appellant contends the trial court reversibly erred (1) "in denying his motion to suppress," and (2) "in refusing to submit a requested Article 38.23 instruction." We affirm.

### BACKGROUND

Officer Donald Shafer of the Tyler Police Department was dispatched to an apartment complex in Tyler to investigate a possible medical emergency. When he arrived at the address, he was met by Beauford Terrell who, along with others, had observed Appellant acting "very strangely." Terrell took the officer to the door of Appellant's small apartment and started opening the door. Appellant said, "Y'all come on in," and opened the door to the apartment.

Officer Shafer noted that Appellant was sweating profusely, "his skin was real hot to touch," he had a blank, fixed stare, and he was not normally responsive. Officer Shafer had made other arrests involving Phencyclidine (PCP) and strongly suspected that Appellant's

intoxication was caused by PCP. At the same time, he observed a cigarette lying on the bed beside the chair where Appellant was sitting. The tip (the end normally lit) of the cigarette was wet as though it had been dipped in a liquid. Officer Shafer knew from experience that it was common for PCP users to dip the end of a cigarette in PCP, allow the cigarette to dry somewhat, and then smoke the cigarette in order to become intoxicated. "Smoking wet" is the name given to this method of using PCP.

Given Appellant's symptoms of PCP intoxication, it was immediately very apparent to Officer Shafer that the wet tipped cigarette so close to Appellant probably contained PCP. A field test confirmed that the cigarette contained Phencyclidine.

Emergency Medical Services arrived at the scene as Officer Shafer was conducting the field test on the cigarette. Appellant refused medical treatment and was taken to the county jail.

**MOTION TO SUPPRESS**

In his first issue, Appellant maintains the trial court erred in denying his motion to suppress evidence of the PCP laced cigarette.

**Standard of Review**

In reviewing a trial court's ruling on a motion to suppress, an appellate court gives almost total deference to the trial court's determination of historical facts, but conducts a de novo review of the trial court's application of the law to those facts. *Wilson v. State*, 311 S.W.3d 452, 457-58 (Tex. Crim. App. 2010). The evidence is examined in the light most favorable to the trial court's ruling. *Id.* However, a trial court necessarily abuses its discretion if it refuses to suppress evidence that is obtained in violation of the law and that is therefore inadmissible under Texas Code of Criminal Procedure, Article 38.23. *Id.*

**Applicable Law**

A search or seizure conducted without a warrant is per se illegal absent a recognized exception to the warrant requirement. *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576 (1967); *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). One such exception is the plain view doctrine that allows an officer to seize evidence in plain view. *Coolidge v. New Hampshire*, 403 U.S. 443, 465, 91 S. Ct. 2022, 2037, 29 L. Ed. 2d 564 (1971).

2

A seizure of an object is lawful under the plain view exception if three requirements are met. First, law enforcement officials must lawfully be where the object can be "plainly viewed." Second, the "incriminating character" of the object in plain view must be "'immediately apparent'" to the officials. And third, the officials must have the right to access the object.

*Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009) (citing *Horton v. California*, 496 U.S. 128, 136, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990)).

In *State v. Dobbs*, 323 S.W.3d 184 (Tex. Crim. App. 2010), Plano police officers executing a search warrant for narcotics came upon two sets of new golf clubs and Los Rios Country Club shirts in plain view in the bedroom of the house being searched. The officers suspected the items might have been stolen but lacked probable cause to believe that they were connected to any crime. The officers contacted dispatch and were informed that the Los Rios Country Club had reported a theft of golf merchandise. With the description of the stolen property they obtained by contacting the country club, the officers had probable cause to believe the items in plain view in the bedroom had been stolen from the country club. Before leaving the premises, the officer seized the golf clubs and golf shirts and charged the appellee with theft. *Id.* at 186-87.

In *Dobbs*, as in the instant case, the sole question before the trial court at the hearing on the defendant's motion to suppress was whether it was "immediately apparent" to the officers that these items were contraband. The trial court granted Dobbs's motion to suppress. The court of appeals affirmed, holding that the officers had no authority to seize the items in plain view, because, when they first saw them, they lacked probable cause to believe they were contraband, and they lacked probable cause for the further investigation that revealed the clubs and shirts had been stolen. *Id.* at 186 (relying on *White v. State*, 729 S.W.2d 737 (Tex. Crim. App. 1987)).

The court of criminal appeals reiterated that "immediately apparent" simply means that the viewing officer must have probable cause to believe an item in plain view is contraband before seizing it. *Id.* at 189. The court of criminal appeals reversed the lower court's decision, holding that "[s]o long as the probable cause to believe that items in plain view constitute contraband arises while the police are still lawfully on the premises, and their 'further investigation' into the nature of those items does not entail an additional and unjustified search of . . . or presence on the premises, we see no basis to declare a Fourth Amendment violation." *Id.* "Only if that [further] investigation entails an additional search of the private premises

beyond the scope of the search already authorized by the warrant or exigency that originally justified the police presence on the premises . . . should the officers be required to have probable cause to look for probable cause to seize the plain-view items." *Id.* at 188.

**Discussion**

Appellant maintains that Officer Shafer's field test of the wet tipped cigarette demonstrated that he did not immediately recognize the cigarette as contraband. Therefore, he argues that the seizure to test the cigarette represented "an additional and unjustified search" and was therefore without probable cause.

We disagree. Officer Shafer testified that when he saw the wet tipped cigarette on the bed and near Appellant who was demonstrating the symptoms of PCP intoxication, it was apparent that the cigarette probably contained Phencyclidine.

Probable cause, in a Fourth Amendment context, means a high level of suspicion, but it falls far short of a preponderance of the evidence standard. *Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009). It involves "a fair probability that contraband or evidence of a crime will be found." *Id.* (quoting *Alabama v. White*, 496 U.S. 325, 330, 110 S. Ct. 2412, 110 L. Ed. 2d 301 (1990)). We conclude from Officer Shafer's uncontroverted testimony that, given Appellant's symptoms, the probable nature of the cigarette that was wet on the wrong end was immediately apparent to him before the field testing, and that Officer Shafer had probable cause to seize the cigarette.

A medical emergency was the exigency that legitimized Officer Shafer's presence on the premises. Common sense and a concern for Appellant's medical condition required the cigarette be tested promptly so that the exact cause of Appellant's symptoms could be accurately and quickly determined, and if required, appropriate treatment promptly initiated.

## ARTICLE 38.23 JURY INSTRUCTION

Appellant claims the trial court erred in refusing his request that the jury be instructed that if they had a reasonable doubt that evidence was obtained illegally, they should disregard any such evidence so obtained.

**Applicable Law**

Article 38.23(a) of the code of criminal procedure provides, as follows:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). A fact issue about whether evidence was obtained illegally may be raised by any source and may be strong, weak, contradicted, unimpeached, or unbelievable. *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004). However, once raised, inclusion of an Article 38.23 instruction is mandatory. *Bell v. State*, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996). But such an instruction need be included in the jury charge only if there is a factual dispute about how the evidence was obtained. *Garza*, 126 S.W.3d at 85. Insinuations by defense counsel during cross examination do not controvert facts in evidence and are insufficient to create a fact issue. *Id.* at 86. In the instant case, Appellant did not testify at the guilt-innocence phase of the trial. Officer Shafer's testimony was consistent and uncontradicted. There was no evidence raising a fact issue. Appellant was not entitled to an Article 38.23 instruction. Appellant's second issue is overruled.

## DISPOSITION

The judgment of the trial court is *affirmed*.

**BILL BASS**
Justice

Opinion delivered June 15, 2011.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals,
sitting by assignment.*

(DO NOT PUBLISH)