

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00086-CR

---

TINA MARIE CANTRELL, A/K/A TINA MARIE BRANT,
A/K/A TINA MARIE HOKE, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12269

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Tina Marie Cantrell, a/k/a Tina Marie Brant, a/k/a Tina Marie Hoke, appeals from her conviction by a Hood County[1] jury of possession of a controlled substance, under one gram. The offense was enhanced by prior convictions, and she was sentenced to eight years' imprisonment. On appeal, Cantrell complains because the trial court prevented her from fully cross-examining the arresting officer. We affirm.

The evidence shows that while Texas Department of Public Safety (DPS) trooper Shane Neal was completing a traffic stop in a gasoline station parking lot, a citizen told him that a woman was passed out in a tan pickup truck nearby. After finishing the stop, he went to the pickup truck to check on its occupant. He found Cantrell either sound asleep or passed out. He knocked on the window and woke her up, but while doing so, saw a used syringe next to her leg on the truck seat. Neal testified that Cantrell was extremely groggy and disoriented. After getting her out of the vehicle, Neal handcuffed Cantrell, and while doing so, he also saw what he believed to be a recent injection track on her left arm. He testified that Cantrell told him at the time that she had not shot up for four or five days. On cross-examination, Neal acknowledged that it would be unusual for someone who had recently taken intravenous methamphetamine to be asleep or lethargic, although he also pointed out that he was not familiar with the reaction cycle to the use of the drug.

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

The syringe was sent to the DPS laboratory for testing, and the chemist testified that it contained residue of methamphetamine.

Cantrell contends that the trial court erred by limiting her cross-examination of the arresting officer. Our initial review is to see if this contention was preserved for appellate review. To preserve error, the record must show that the appellant made a timely request, objection, or motion and that the trial court ruled on it. TEX. R. APP. P. 33.1(a)(1); *Garza v. State*, 126 S.W.3d 79, 81–82 (Tex. Crim. App. 2004).

During cross-examination, counsel asked to approach the bench for an off-the-record discussion. Cantrell points to this location in the record to support her contention that the trial court restricted the scope of cross-examination. The record does not show such a restriction.[2]

---

[2]The following occurred during the cross-examination of Neal:

> Q.    [By Defense Counsel] Who is Randall Wilson?
>
> A.    He -- he is a trooper in my office.
>
> Q.    Was he there that evening?
>
> A.    No, sir.
>
> Q.    When Ms. Cantrell got indicted, who was the State's witness?
>
> A.    What do you mean, who --
>
> [By the State]:  Objection, relevance.
>
> THE COURT:  Overruled.
>
> Q.    [By Defense Counsel] Who was the State's witness when Ms. Cantrell got indicted?
>
> A.    What do you mean, who presented the case to the grand jury?
>
> Q.    Right

Neither an objection, nor a ruling, nor a discussion of any restriction on cross-examination is in the record. We are bound by Rule 33.1 of the Texas Rules of Appellate Procedure to conclude that the issue now brought before us has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1. We cannot review contentions that depend on factual assertions outside the record. *Franklin v. State*, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985). Mere assertions in a brief unsupported by evidence in the record will not be considered on appeal. *Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996).

After the State rested its case, Cantrell attempted to offer proof of "what the facts would've shown."[3] Cantrell did not identify the witness or witnesses that she expected to

---

A.       I'm -- I'm not sure.

[By Defense Counsel]: May I approach the witness?

THE COURT: You may.

Q.       [By Defense Counsel] Have you ever --

[By the State]: May we approach, Your Honor?

THE COURT: Yes, you may.

(Off-the-record discussion at bench)

Q.       [By Defense Counsel] Do you recall signing a petition for destruction of the marijuana?

[By the State]: Objection, relevance.

THE COURT: Sustained.

[By Defense Counsel]: Pass the witness.

[3]Defense counsel's offer of proof follows:

[Defense counsel]: Well, basically the facts of the case are that there was an empty syringe that nobody could have seen the contents of it, and the -- the behavior was inconsistent with methamphetamine use. And a non-witness to the incident took it to a grand jury on

4

present such testimony. More importantly, since there was no ruling by the trial court excluding the proposed evidence, nothing is preserved for our review.

Finally, even if the evidence had been erroneously excluded and preserved for appellate review, no reversible error would exist. The proposed evidence, as summarized by counsel, was (1) that Cantrell's actions were inconsistent with having recently ingested methamphetamine (2) that a non-witness "took it to the grand jury" and (3) that the laboratory report, identifying the substance as methamphetamine, was not prepared until November. The remaining portion of the offer of proof was counsel's argument as to the relevance of the evidence.

Much of this evidence was already before the jury, making Cantrell's offer with respect to that evidence cumulative. Neal agreed that methamphetamine is a stimulant that when introduced into the human body, increases heart rate, blood pressure, and respiration rate. Further, methamphetamine use typically results in increased attentiveness, activity, wakefulness, and talkativeness as well as decreased fatigue. Neal acknowledged these effects of methamphetamine were inconsistent with a person falling asleep or passing out.

---

September 5th and got her indicted. There had never been a lab report of any kind, and then, later on, in November, there was finally a lab report that said methamphetamine.

Our position is that part of the reasonable doubt in this case is that it becomes a self-fulfilling prophecy at that point, you know, by the people involved, the DA's office, the lab, and so forth, that if you've indicted somebody on methamphetamine and you've never had any lab report, well, then, by golly, you've got to have a lab report at some point to confirm what you've just done in the grand jury. So that's where we were going with that, and that's what we were hoping to put on to the record.

THE COURT: All right. That will be received as a offer of proof for consideration of the record.

5

Neal indicated that he did not know who testified before the grand jury. Cantrell neither identified nor offered any evidence regarding the presentation of this case to the grand jury by a "non-witness" or the relevance of such evidence.

Finally, the chemist, Raymond Waller, testified that the syringe at issue was analyzed in September 2012 by a chemist who had subsequently retired. Consequently, Waller analyzed the syringe a second time in February 2013. Therefore, even if this issue was properly before us, we would determine beyond a reasonable doubt that the alleged error did not contribute to the conviction or punishment. *See* TEX. R. APP. P. 44.2(a).

We affirm the judgment of the trial court.


                                                    Jack Carter
                                                    Justice


Date Submitted:      September 24, 2013
Date Decided:        October 10, 2013

Do Not Publish