

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MICHAEL ANDREW FOREMAN, | § | |
| Appellant, | § | No. 08-13-00042-CR |
| | § | Appeal from the |
| v. | § | County Criminal Court No. 9 of |
| THE STATE OF TEXAS, | § | Tarrant County, Texas |
| Appellee. | § | TC#1196029 |

## **O P I N I O N**

Appellant Michael Andrew Foreman appeals his misdemeanor conviction for driving while intoxicated.   Appellant raises three issues on appeal, all involving alleged procedural errors. He contends the trial court erred:   (1) in allowing the arresting officer to testify there is a greater likelihood of drivers being intoxicated after the bars close at 2:00 a.m.; (2) in failing to give an Article 38.23 jury instruction on probable cause to arrest; and (3) in allowing the State to interject facts not in the record during final argument.   We hold that Appellant has waived any error concerning the arresting officer's testimony, that the trial court was not required to instruct the jury because no fact issues were raised on probable cause, and that the State's final argument

constituted a reasonable deduction from the evidence. According, we affirm.[1]

## BACKGROUND

On March 25, 2010 at 2:40 a.m., Patrol Officer Seth Martin stopped Appellant for driving with only one headlight. Appellant searched for but could not find his driver's license, then said it was in his jacket, which was not in the car. Officer Martin noticed a moderate smell of alcohol and testified that Appellant's speech was slurred, and that he was thick-tongued and "nearly incoherent," indicating intoxication. Appellant admitted he had been drinking "a few" at a club. Officer Martin called in and verified Appellant was a licensed driver, and requested an officer be dispatched to assist in performing a field sobriety test. Based on the odor of alcohol, Appellant's speech, his confusion whether he had his driver's license, and his admission that he had been drinking at a club, Martin suspected Appellant was driving while intoxicated. Martin arrested Appellant when he refused to perform a field sobriety test. Martin noted that Appellant was unsteady when he exited his car, and that Appellant's eyes were red and his eyelids droopy. Appellant refused to give a breath or blood specimen. At 5:00 a.m., Martin obtained a search warrant for a blood specimen; the test results confirmed a 0.21 blood-alcohol concentration.

## DISCUSSION

### Officer Martin's Testimony

In Issue One, Appellant contends the trial court erred in overruling his objection to Officer Martin's testimony that "there's a greater likelihood of intoxicated drivers" after the bars close at 2:00 a.m.. Appellant contends there was no proffered basis for the officer's opinion and the testimony was not proper lay opinion.

---

[1] This case was transferred from our sister court in Fort Worth, and we decide it in accordance with the precedent of that court. TEX.R.APP.P. 41.3.

The following exchange occurred during the prosecutor's examination of Officer Martin on his probable cause:

> Q. One thing I forgot to ask you earlier. The time of night being 2:40 in the morning, is that of any significance to you?
>
> A. Yes.
>
> Q. And what significance is that?
>
> A. It's after the bars have been closed, or the clubs, there's a greater likelihood of intoxicated drivers.
>
> Mr. Factor: I object. I object to that, Your Honor.
>
> The Court: Overruled.

Appellant argues this testimony was improper because (i) it was an assertion of fact, not opinion, (ii) it was offered without first developing a foundational basis to demonstrate its reliability, and (iii) it was improper lay opinion offered without establishing it was based on Officer Martin's perception or experience. The State responds in part that Appellant failed to preserve error because the defense attorney merely stated, "I object. I object to that," without giving a legal reason for his objection. We agree Appellant failed to preserve error.

To preserve error for appellate review, the Texas Rules of Appellate Procedure require the record to show that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" TEX.R.APP.P. 33.1(a)(1)(A); *see also* TEX.R.EVID. 103(a)(1) (error may not be predicated on a ruling admitting evidence unless a timely objection is made "stating the specific ground of objection, if the specific ground was not apparent from the context"); *Sample v. State*, 405 S.W.3d 295, 300 (Tex.App. – Fort Worth 2013,

3

pet. ref'd) ("To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion."). The objecting party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012) (quoting *Pena v. State*, 285 S.W.3d 459, 464 (Tex.Crim.App. 2009)). Even constitutional errors can be forfeited if a party fails to properly object. *Id.*

The two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule, and to allow opposing counsel to remedy the error. *Id.* Specific objections "promote the prevention and correction of errors" so that the parties and the judicial system "are not burdened by appeal and retrial." *Martinez v. State*, 91 S.W.3d 331, 336 (Tex.Crim.App. 2002). Appellate courts may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised. *Id.* at 336; *Sample*, 405 S.W.3d at 300 ("A reviewing court should not address the merits of an issue that has not been preserved for appeal.").

Appellant's objection – "I object. I object to that" – failed to state any ground for the objection. If Appellant had informed the trial court that Officer Martin's opinion lacked a foundational basis to show reliability, the trial court could have required, and the State could have provided, that basis, thereby correcting any error. But, since Appellant failed to state any grounds for the objection, he has waived error, and we cannot address the merits of the trial court's ruling.[2]

---

[2] Even if error had been preserved, and even if we were to assume the testimony was erroneously admitted, that error would not be harmful. The erroneous admission of evidence rarely rises to the level of harmful error and generally

4

Issue One is overruled.

## Article 38.23 Instruction

In Issue Two, Appellant contends the trial court erred in failing to instruct the jury under Article 38.23 concerning Officer Martin's probable cause for arrest. TEX.CODE CRIM.PROC. ANN. art. 38.23(a) (West 2005). Article 38.23 prohibits the admission of illegally-obtained evidence and requires that, in any case where a fact issue is raised whether evidence was obtained in violation of the Constitution or laws of the United States or the State of Texas, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." *Id.* Appellant concedes that Officer Martin made a lawful traffic stop, but asserts he was entitled to an Article 38.23 instruction because "it is not clear that Officer Martin's suspicion" that Appellant was intoxicated "had ripened to probable cause at the time of the arrest[.]"

The terms of Article 38.23 are mandatory, and when an issue of fact is raised, a defendant has a statutory right to have the jury charged accordingly. *Madden v. State*, 242 S.W.3d 504, 510 (Tex.Crim.App. 2007). There are three requirements a defendant must meet before he is entitled to an Article 38.23 instruction: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* Thus, a defendant's right to an Article 38.23 jury instruction is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render the evidence

must be disregarded because it is not significant enough to affect a substantial right. *See* TEX.R.APP.P. 44.2(b). Here, any erroneous admission of the testimony would, in the end, be disregarded due to the overwhelming evidence of guilt arising from Appellant having a blood-alcohol level over twice the legal limit several hours after his arrest.

inadmissible. *Id.* at 509-10. A fact issue whether evidence was legally obtained may be raised from any source, and that evidence may be strong, weak, contradicted, unimpeached, or unbelievable. *Garza v. State*, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004).

The State contends the trial court was not required to submit an Article 38.23 instruction to the jury because there were no contested, material fact issues concerning Officer Martin's probable cause for arrest. We agree.

The record shows that Officer Martin's suspicion that Appellant was intoxicated, and thus his probable cause for Appellant's arrest, arose from the following factors. During the legal, uncontested traffic stop, Officer Martin observed that Appellant's speech was slurred, that Appellant was thick-tongued, and that Appellant was "nearly incoherent," all of which were indicators of intoxication. Officer Martin noticed a moderate odor of alcohol, which he could smell outside the vehicle despite windy conditions. Appellant admitted he had been at a club and had been drinking "a few." When Officer Martin asked Appellant for his driver's license, Appellant first said he thought he had it, but was unable to find it, then decided his license was in his jacket but discovered his jacket was not in the vehicle. Appellant also displayed an unusually apologetic demeanor, repeatedly saying he was "sorry" when there was no reason to apologize. Officer Martin was suspicious that Appellant was intoxicated based on the odor of alcohol, and on Appellant's speech, demeanor, indecision whether he had his driver's license, and his admissions that he was returning from a club and had been drinking. Based on these factors, Martin asked Appellant to exit the vehicle and arrested him.

Appellant does not point to any evidence that disputes any of these factors. Our review of the record also does not reveal any evidence contrary to Officer Martin's testimony that

6

Appellant's speech was slurred, that Appellant was nearly incoherent, that there was an odor of alcohol, that Appellant was confused whether he had his license, that Appellant displayed an inappropriate apologetic demeanor, or that Appellant admitted he had been drinking. An Article 38.23 instruction must be included in the charge only if there is a factual dispute about how the evidence was obtained. *Garza*, 126 S.W.3d at 85. To be entitled to an Article 38.23 instruction, Appellant was required to show a factual dispute existed as to one or more of the factors Officer Martin relied on in concluding he had probable cause to arrest Appellant for driving while intoxicated. Appellant failed to show there was a factual dispute as to any of these factors. Where no issue of fact is raised by the evidence, the trial court acts properly in refusing a request to give the jury an Article 38.23 instruction. *Madden*, 242 S.W.3d at 510.

In his brief, Appellant does not assert there was any evidence contrary to any of the factors Officer Martin relied on for probable cause to arrest; rather, Appellant argues that all of these factors together did not rise to the level of probable cause to support a legal arrest. But, that is not the test for obtaining an Article 38.23 instruction. If there are no disputed factual issues, the legality of the conduct is determined by the trial judge alone, as a question of law, not by the jury as a question of fact. *Id*. This is the lesson of *Madden*. An Article 38.23 instruction must decide a disputed issue of historical fact, not a question of law, such as whether an officer had reasonable suspicion to detain the defendant. *Id*. at 511-13. We hold that Appellant was not entitled to an Article 38.23 jury instruction because there were no contested, material fact issues concerning any of the factors giving rise to the probable cause for Appellant's arrest. Issue Two is overruled.

## The State's Jury Argument

In his third issue, Appellant asserts the trial court committed reversible error when it

7

overruled his objection that the State's final jury argument in the guilt-innocence phase injected facts outside the record. Officer Martin testified that he had travelled behind Appellant for about two blocks before pulling him over, and agreed that was not sufficient time to observe any reckless or bad driving. Appellant complains that in its final rebuttal argument, the State argued:

> There's no bad driving. He was behind him for two blocks. I suspect, it's reasonable to deduce, that if he had been behind him for longer, he would see some bad driving … considering what his alcohol concentration was. But he's behind him for two blocks.

The standard of review for a trial court's ruling on an objection asserting improper jury argument is abuse of discretion. *Whitney v. State*, 396 S.W.3d 696, 703-04 (Tex.App. – Fort Worth 2013, pet. ref'd). Generally, there are four proper areas of jury argument: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to an argument of opposing counsel; and (4) pleas for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex.Crim.App. 2011), *cert. denied*, 132 S.Ct. 1099 (2012) (citing *Brown v. State*, 270 S.W.3d 564, 570 (Tex.Crim.App. 2008)); *Whitney*, 396 S.W.3d at 704. The State contends in part that the prosecutor's argument was a proper, reasonable deduction from the evidence. We agree. Considering that Appellant's blood-alcohol level was more than twice the legal limit hours after the traffic stop, it was a reasonable deduction that Officer Martin "would see some bad driving" due to Appellant's level of intoxication had he followed Appellant for more than two blocks. Thus, the argument was proper jury argument.

Further, any possible error was harmless. A trial court's erroneous overruling of a defendant's objection to improper jury argument is not reversible error unless it affected the appellant's substantial rights. TEX.R.APP.P. 44.2(b); *Martinez v. State*, 17 S.W.3d 677, 692-93 (Tex.Crim.App. 2000). To determine if an appellant's substantial rights were affected, we

8

balance the severity of the misconduct (*i.e.*, the prejudicial effect of the prosecutor's remarks), any curative measures, and the certainty of conviction absent the misconduct. *Freeman*, 340 S.W.3d at 728. The record reflects the complained-of argument was only a small portion of the State's entire jury argument, and the State did not directly repeat or emphasize that argument. The State instead emphasized Officer Martin's observations of Appellant and that the blood-alcohol testing demonstrated Appellant's substantial intoxication. Therefore, the remarks prejudiced Appellant very little, if at all. Further, the evidence supporting the jury's verdict was strong considering the results of the blood-alcohol testing. This weighs heavily in favor of the State. Although no curative measures were taken since Appellant's objection was overruled, we conclude that, on this record, any error in this argument had little, if any, influence on the jury's verdict.

Moreover, even if the trial court had committed error, any error was cured because the prosecutor later made a similar argument without objection:

> Thank goodness the officer only followed him for two blocks and didn't let him continue on driving down the street. You can see on that video there are at least two cars traveling in front of him. Think [sic] goodness he didn't have the opportunity to catch up to those guys. Who knows what would have happened.

To preserve error, a party must object each time the objectionable matter is offered. *See Smith v. State*, 842 S.W.2d 401, 406 (Tex.App. – Fort Worth 1992, pet. ref'd) (error in allowing argument was cured because similar argument was allowed without objection both before and after contested portion of argument); *see also Valle v. State*, 109 S.W.3d 500, 509 (Tex.Crim.App. 2003) (an error in the admission of evidence is cured where the same evidence comes in elsewhere without objection).

We conclude that the prosecutor's argument was proper because it was a reasonable

deduction from the evidence, and that to the extent the trial court erred in overruling Appellant's objection, the error was harmless or was cured by Appellant's failure to object to the subsequent similar argument.   Issue Three is overruled.

## CONCLUSION

We conclude that Appellant waived any error in the admission of Officer Martin's testimony by failing to state any ground for his objection, that Appellant was not entitled to an Article 38.23 jury instruction because there were no contested material fact issues on Officer Martin's probable cause to arrest, and that the prosecutor's jury argument was a reasonable deduction from the evidence or alternatively, any error was harmless or was cured by the subsequent similar argument offered without objection.   We affirm the trial court's judgment.


                                          STEVEN L. HUGHES, Justice

January 9, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)