

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0424-19

---

**LARRY THOMAS CHAMBERS, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### WILLIAMSON COUNTY

---

**RICHARDSON, J. delivered the opinion of the unanimous Court.**

### OPINION

A jury convicted Appellant of possession of a controlled substance after a police officer found drugs during a traffic stop. The officer claimed he initiated the stop because Appellant's truck had no license plate. However, Appellant's truck did have a license plate. The court of appeals held that the trial judge did not err in refusing Appellant's request for an Article 38.23 instruction. We granted review to determine whether Appellant is entitled to an Article 38.23 instruction when there is a factual dispute regarding the officer's

credibility, as well as a conflict between the officer's testimony on both redirect and cross-examination, photographs, and his dashcam video. We hold that, under these circumstances, Appellant is entitled to such an instruction. Accordingly, we reverse and remand to the court of appeals for a harm analysis.

## BACKGROUND

At about 10:45 p.m. on April 1, 2017, a Round Rock Police sergeant initiated a traffic stop claiming that Appellant's pickup truck had no rear license plate, which is required by law. *See* Tex. Transp. Code Ann. § 504.943 (West 2018); 547.322 (West 2011). During the traffic stop, the officers found two pistols and substances that appeared to be narcotics. Appellant was arrested and later indicted for possession of four grams or more, but less than 200 grams, of penalty group 1 controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(d) (West 2017). The State introduced into evidence at trial the officer's dashcam video and still photos of the back of the vehicle. These show definitively that a paper license plate was indeed attached to the back of Appellant's truck.

Appellant filed a motion to suppress, asserting that the State failed to prove the vehicle had no license plate. The trial court denied that motion. However, at trial, Appellant also requested an Article 38.23 instruction to tell the jury to disregard any evidence it found to be obtained in violation of the Constitution or laws of the United States or Texas. The trial court refused to give the instruction, and the jury found Appellant guilty of the offense charged and imposed a sentence of twenty years in prison. On appeal, the Texarkana Court of Appeals held that the trial court did not err in refusing to give a 38.23 instruction. Based on our review of the record and our analysis of Texas law, we reverse the decision of the court of appeals and remand for a harm analysis.

**ANALYSIS**

The trial court must provide the jury with a written charge that sets forth the law applicable to the case. *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013); Tex. Code Crim. Proc. art. 36.14. We review a claim of alleged charge error by determining whether the charge was erroneous, and if it was, we conduct a harm analysis. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

This Court has held, and the court of appeals here reiterated, that if a defendant raises a fact issue regarding whether a traffic stop violated the Constitution or the laws of the United States or Texas, the trial court should instruct the jury to disregard any evidence it finds was unconstitutionally or illegally obtained. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (citing Tex. Crim. Proc. Ann. Art. 38.23(a)). This Court has also clarified that there must be a genuine dispute about a material fact, and the disputed fact must be essential to deciding the lawfulness of the challenged conduct. *See Madden v. State*, 242 S.W.3d 504, 510-11 (Tex. Crim. App. 2007). Moreover, an Article 38.23 instruction is mandatory only if there is a factual dispute regarding how the evidence was obtained. *See Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004). So it is here.

*Appellant Meets the Requirements of Article 38.23*

Pursuant to Article 38.23 of the Texas Code of Criminal Procedure, a defendant must meet three requirements for submission of a 38.23(a) jury instruction: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) that contested fact issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *See* Tex. Code Crim. Pro. Art. 38.23;

*Madden*, 242 S.W.3d at 510 (Tex. Crim. App. 2007). Here, Appellant requested an Article 38.23 instruction and satisfied all three requirements.

First, Appellant proved there was an issue of fact. Although the police officer here testified that he pulled Appellant over because Appellant's truck was missing a rear license plate, the record shows that the truck did have a temporary plate. Specifically, the dashcam video, though not good quality, shows that Appellant's temporary license plate can be seen on the back left side of his truck. Likewise, the high quality still photos that the State introduced into evidence depict a license plate on Appellant's vehicle. Thus, the evidence raises a question regarding what the police officer could see and whether he actually could see a license plate.

These facts are similar to the situation in *Madden*. The *Madden* opinion addressed two 38.23 requests by the defendant. *See Madden*, 242 S.W.3d at 511. In the first request, this Court acknowledged that the trial court and court of appeals were correct in concluding that the defendant was entitled to a 38.23 charge where the dashcam video confirmed the defendant said he was traveling at a speed of 55 mph, but the officer testified that the defendant was traveling at a speed of 61 mph. In *Madden*, this Court also addressed other issues, including an additional 38.23 charge, that do not apply to this case and that we do not include in our analysis. *Id.* Here, the court of appeals' analysis suggests that Appellant was required to affirmatively prove the officer could see the license plate in order to get a 38.23 instruction. *See Chambers v. State*, 2019 WL 1412230, at *6 (Tex. App. – Texarkana March 29, 2019, pet. granted). But that is not the case. As this Court has explained, the evidence need not prove the existence of the fact; it just has to raise the factual issue. *See Madden*, 242 S.W.3d at 510; *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App.

2012). The evidence here does exactly that, so Appellant has met the first requirement to submit a jury instruction under Article 38.23.

Second, Appellant proved the evidence on the fact issue was affirmatively contested. Here, the dashcam video and still photographs depicting a license plate affirmatively contest the officer's claim that he could not see a license plate. As in *Madden*, where a conflict existed between the officer's and defendant's testimony regarding speeding, here, a conflict exists between the officer's testimony claiming that there was no license plate and the dashcam video and photos depicting a license plate. *See Madden*, 242 S.W.3d at 514; *Chambers*, 2019 WL 1412230, at *6. Thus, Appellant has met the second requirement for an Article 38.23 instruction.

Third, and finally, Appellant showed the fact issue was material to the lawfulness of the stop. Here, the officer's testimony suggested that the traffic stop was based on Appellant not having a license plate on his truck. Since the evidence showed that Appellant did have a license plate displayed on the back of his truck, then whether an objectively reasonable basis for the stop existed was a contested fact issue that was material to the lawfulness of the stop. This fact issue, then, is certainly material to the legality of the stop, and Appellant has satisfied the third requirement.

The trial judge should have given the jury an Article 38.23 instruction. Again, we reiterate that the Article 38.23 instruction is a right afforded to a defendant even after a trial court's motion to suppress ruling. In this case, the trial court clearly acted within its discretion and authority to deny the motion to suppress, but Appellant was entitled to have the jury consider the lawfulness of the stop under Article 38.23.

The court of appeals set out the correct standard here but failed to follow it. The court spent much time emphasizing the timing of the photos, but no matter the time they were taken, they still raise a fact issue about what the officer could see, which raises a question about whether he was mistaken or being untruthful. *See Chambers*, 2019 WL 1412230, at \*6. Because this was not a legal judgment based on uncontested facts, the trial judge erred by not including an Article 38.23 instruction in the jury charge. Appellant was entitled to have the jury decide whether evidence was obtained by the officer in violation of any provisions of the Constitution or laws of the State of Texas, *see* Tex. Crim. Proc. art. 38.23*,* and if so, to have the jury instructed to disregard such evidence.

## **<u>CONCLUSION</u>**

Because the court of appeals affirmed the trial court's denial of an Article 38.23 instruction, we reverse the decision of the court of appeals and remand to the court of appeals to conduct a harm analysis.

FILED:      APRIL 6, 2022

PUBLISH